IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| BENJAMIN PEREZ-GONZALEZ ) | | |
| ) | | |
| Movant, ) | Case No. | CV 08-286-S-BLW |
| ) | | CR 06-236-S-BLW |
| v. ) | | |
| ) | **MEMORANDUM DECISION** | |
| ) | **AND ORDER** | |
| UNITED STATES OF AMERICA ) | | |
| ) | | |
| Respondent. ) | | |
| ) | | |

Pending before the Court is Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in CV-08-286-S-BLW).[1]

## REVIEW OF 28 U.S.C. § 2255 MOTION

### A.  Background and Summary of Issues

On March 25, 2007, Movant signed a Plea Agreement, by which he agreed to plead guilty to two counts of distributing methamphetamine under 21 U.S.C. §841(a)(1) and one count of drug forfeiture under 21 U.S.C. §§ 853(a)(1) & (2). (Docket No. 41 in criminal case). On June 28, 2007, Movant was sentenced to 156

---

[1] Unless otherwise noted, all further docket numbers will refer to the underlying civil case, CV-08-286-S-BLW.

months imprisonment, five years of supervised release, and a $200 special assessment. (Docket No. 88 in criminal case).

On July 11, 2008, Movant filed this 28 U.S.C. § 2255 Motion, alleging ineffective assistance of counsel for failure to file a notice of appeal. (Docket No. 1). Movant alleges that sometime subsequent to June 27, 2007, he asked his attorney to file a notice of appeal, which his attorney failed to do. (Docket No. 1).

On July 22, 2008, the Government filed a Motion for an Order concerning attorney-client privilege and to stay the instant proceedings, indicating that it would secure an affidavit from counsel addressing Movant's claims. (Docket No. 3). The Court issued an Order granting the Government's Motion on July 24, 2008. (Docket No. 4). On September 4, 2008, the Government filed a Response to Movant's Motion, and included an affidavit from Movant's counsel which directly contradicts Movant's claims. (Docket No. 6). In the affidavit, Movant's counsel asserted he informed Movant numerous times that, as part of accepting the plea agreement, he was waiving many appeals. Counsel stated he did "not have any recollection of Mr. Perez-Gonzales indicating . . . that he wanted [him] to file an appeal." Counsel further stated that, upon review of his telephone and electronic records, he could not locate any communication from Movant indicating his desire to appeal. (Docket No. 6). Movant did not reply.

### B.      Standard of Law

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

An attorney has a constitutional duty to consult with a defendant about an appeal either if a rational defendant would want to appeal, or if the particular defendant has reasonably demonstrated his interest in appealing.  *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).  Where a defendant does not consent to counsel's failure to file a notice of appeal, the defendant may file a Motion alleging ineffective assistance of counsel.  *Id.* at 476.  To prevail on an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance "fell below an objective standard of reasonableness" and that (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *See Strickland v. Washington*, 466 U. S. 668, 694 (1984).  *See also Bell v. Cone*, 535 U.S. 685, 695 (2002).

The Ninth Circuit has held that "prejudice necessarily arises when a lawyer

disregards an express instruction to file an appeal." *Thorward v. Knowles*, 220 Fed.Appx. 728, 729 (9th Cir. 2007) (unpublished). Where a defendant asks his lawyer to appeal and his lawyer does not do so, even where a defendant has waived his right to appeal, the lawyer has provided ineffective assistance of counsel. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir.2004). However, where a defendant does not instruct counsel to either file or not file a notice of appeal, the court must first determine whether counsel consulted with the defendant regarding an appeal. *Flores-Ortega*, 528 U.S. at 477-78 (2000).

### C. Discussion

Movant asserts that he requested his counsel file a notice of appeal, and that his counsel failed to do so, which thereby abrogated Movant's Sixth Amendment right to counsel. (Docket No. 1). Thus, Movant argues, his right to appeal should be restored.

In response, the Government contends Movant cannot satisfy the *Strickland* test. Contrary to Movant's assertion, the Government argues, counsel consulted with Movant regarding appeal, and explained that the Plea Agreement Movant signed contained an appeal waiver. (Docket No. 41 in criminal case). Moreover, the Government asserts Movant never directed counsel to file an appeal, and counsel did not state that he would do so, as demonstrated by counsel's affidavit. (Docket No. 6).

This Court is bound by the Ninth Circuit ruling in *Sandoval-Lopez*, 409 F.3d at 1198.  In *Sandoval-Lopez*, a prisoner alleged ineffective assistance of counsel after he claimed he instructed his counsel to file a notice of appeal, and counsel failed to do so.  The prisoner had signed a Plea Agreement waiving his right to appeal, and had been informed numerous times about the implication of his waiver.  The Court noted that the prisoner had not identified any non-frivolous ground for a direct appeal, had never explained what he might have appealed, and waited over a year to file his petition claiming that he wanted to appeal.  *Id.* at 1197.  While the Ninth Circuit stated that "[a]n appeal would most probably have been dismissed because it had been waived" it nonetheless explained that "it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client." *Id*.  The Court went on to hold that the prisoner was entitled to an evidentiary hearing to determine whether he really did tell his lawyer to appeal, or, alternatively, the government could choose not to oppose his petition for appeal.  *Id*. at 1198.

Accordingly, Movant is entitled to an evidentiary hearing to determine whether he instructed counsel to file a notice of appeal.  *See Sandoval-Lopez* 409 F.3d at 1198.  Alternatively, the Government may choose not to oppose Movant's petition for appeal.  *See id.*

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED, that the Government shall advise the Court within twenty (20) days whether it intends to proceed to an evidentiary hearing in this matter or instead allow Movant to file a petition for appeal unopposed.

IT IS FURTHER HEREBY ORDERED that if the Government chooses to proceed with an evidentiary hearing, the Court will immediately set a date for the hearing at which all issues will be heard.

DATED: **May 1, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge