IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| BENJAMIN PEREZ-GONZALEZ | ) | |
| | ) | |
| Petitioner, | ) | Case Nos.  CV-08-286-S-BLW |
| | ) | CR-06-236-S-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| UNITED STATES OF AMERICA, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pending before the Court is Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in CV-08-286-S-BLW).[1]

## REVIEW OF 28 U.S.C. § 2255 MOTION

### A.  Background

On March 25, 2007, Perez-Gonzalez signed a Plea Agreement, by which he agreed to plead guilty to two counts of distributing methamphetamine under 21 U.S.C. §841(a)(1) and one count of drug forfeiture under 21 U.S.C. §§ 853(a)(1) & (2).  *(Docket No. 41 in criminal case)*.  On June 28, 2007, Perez-Gonzalez was

---

[1]  Unless otherwise noted, all further docket numbers will refer to the underlying civil case, CV-08-286-S-BLW.

**Memorandum Decision and Order - 1**

sentenced by this Court to 156 months imprisonment, five years of supervised release, and a $200 special assessment. *(Docket No. 88 in criminal case)*.

On July 11, 2008, Perez-Gonzalez filed a 28 U.S.C. § 2255 Motion, alleging ineffective assistance of counsel for failure to file a notice of appeal. *(Docket No. 1)*. The Motion was supported by brief of counsel. *(Docket No. 1)*. Perez-Gonzalez alleged that sometime subsequent to June 27, 2007, he asked his attorney – Scott Gatewood – to file a notice of appeal, which Gatewood failed to do. *(Docket No. 1)*.

On September 4, 2008, the Government filed a Response to Perez-Gonzalez's Motion, and included an affidavit from Gatewood which directly contradicted Perez-Gonzalez's claims. *(Docket No. 6)*. In the affidavit, Gatewood insisted he informed Perez-Gonzalez numerous times that, as part of accepting the plea agreement, he was waiving the right to appeal. Gatewood stated he did "not have any recollection of Mr. Perez-Gonzales *[sic]* indicating . . . that he wanted [him] to file an appeal" and that a review of phone and electronic records revealed no communication indicating Perez-Gonzalez's desire to appeal. *(Docket No. 6)*. Perez-Gonzalez did not reply.

On May 1, 2009, this Court filed an Order stating that Perez-Gonzalez was entitled to an evidentiary hearing to determine whether he instructed counsel to file

**Memorandum Decision and Order - 2**

a notice of appeal. *(Docket No. 8)* The Government was instructed to advise the Court whether it intended to proceed to an evidentiary hearing or allow Perez-Gonzalez to file an unopposed petition for appeal. *(Docket No. 8)*. On May 7, 2009, the Government alerted the Court that it would proceed with the evidentiary hearing. *(Docket No. 9)*. The Government filed a brief in support of its position on July 24, 2009.

### B.   Legal Standard

To prevail on an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance "fell below an objective standard of reasonableness" and that (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U. S. 668, 694 (1984). *See also Bell v. Cone*, 535 U.S. 685, 695 (2002). Relevant to the ineffective assistance inquiry is the constitutional duty imposed upon defense counsel to consult with his or her client about an appeal if a rational defendant would want to appeal, or if the particular defendant has reasonably demonstrated his interest in appealing. *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

The Ninth Circuit has held that "prejudice necessarily arises when a lawyer disregards an express instruction to file an appeal." *Thorward v. Knowles*, 220

**Memorandum Decision and Order - 3**

Fed.Appx. 728, 729 (9th Cir. 2007) (unpublished).  Where a defendant asks his lawyer to appeal and his lawyer does not do so, even where a defendant has waived his right to appeal, the lawyer has provided ineffective assistance of counsel. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2004).

However, where a defendant does not instruct counsel to either file or not file a notice of appeal, the court must first determine whether counsel consulted with the defendant regarding an appeal.  *Flores-Ortega*, 528 U.S. at 477-78. "Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known." *Id.* at 480.

### C. Discussion

To prevail on an ineffective assistance of counsel claim, Perez-Gonzalez must show either: (1) that he asked his attorney to file a notice of appeal, but that his attorney failed to do so, *see Sandoval-Lopez*, 409 F.3d at 1197; or (2) that his attorney did not consult with him regarding filing a notice of appeal, and that both a rational defendant would want to appeal and Perez-Gonzalez reasonably

**Memorandum Decision and Order - 4**

demonstrated to his attorney that he was interested in appealing.  *See Flores-Ortega*, 528 U.S. at 480.

This Court held an evidentiary hearing at which Perez-Gonzalez and Scott Gatewood each testified.  Following testimony, the Court finds that Perez-Gonzalez never asked Scott Gatewood to file a notice of appeal.  *See Sandoval-Lopez*, 409 F.3d at 1197.  Further, the Court finds that there was no reason for Gatewood to think that a rational defendant in Perez-Gonzalez's position would want to appeal, in light of evidence that Gatewood, with the aid of an interpreter, repeatedly reviewed the Plea Agreement with Perez-Gonzalez, which included the waiver of appeal.  *See Flores-Ortega*, 528 U.S. at 480.  In addition, Perez-Gonzalez failed to show that he reasonably demonstrated an interest in appealing.  *See id.*  Thus, Perez-Gonzalez failed to show, as required by *Strickland,* that Gatewood's performance "fell below an objective standard of reasonableness" and that "but for [Gatewood's] unprofessional errors, the result of the proceeding would have been different."  Therefore, Perez-Gonzalez cannot prevail on his ineffective assistance of counsel claim.

### D. Conclusion

Perez-Gonzales has failed to show Gatewood provided ineffective assistance of counsel.  Therefore, his Motion alleging ineffective assistance of counsel for

**Memorandum Decision and Order - 5**

failure to file a notice of appeal must be dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED, that Perez-Gonzalez's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-08-286-S-BLW is DISMISSED with prejudice.



DATED: **August 11, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 6**